IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES B. JONES, JR., | ) | CASE NO. 3:07 CV 3878 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## I.  Introduction

Before me is the State's motion to dismiss[1] James B. Jones, Jr.'s habeas petition[2] because the claims presented are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

For the following reasons, I recommend finding that:

- Jones did not file his petition within the one-year statute of limitations,

- no exception is available to Jones to prevent his claim from being time-barred, and

- equitable tolling is not applicable to this case.

Therefore, I recommend finding that Jones's petition is time barred under 28 U.S.C. § 2244(d) and that Jones's habeas petition be dismissed.

---

[1] ECF # 7.

[2] ECF # 1.

## II.  Facts

**A.     Underlying facts of the case**

The underlying facts here as found by the state appellate court[3] are not in dispute.[4] On December 7, 2000, Jones waited in his car outside the Williams County EconoLodge Motel while Jason Crawford, his accomplice, went into the motel armed with a gun with the intention to rob the clerk.  After successfully doing so, Crawford forced the clerk, Mary Kosier, into the trunk of Jones's car.  The two left the motel and drove to a secluded area near a bridge.  Jones and Crawford then took Kosier out of the trunk.  They led her under the bridge, where Crawford shot and killed her.

The two left the scene in Jones's car and went to Bryan, Ohio.  Crawford robbed a convenience store but left the clerk unharmed.  Once again, Jones waited in his car.  The clerk called the police, who broadcasted the clerk's description of the car and the masked robber.  A police officer in the Village of Pioneer saw a car matching the description provided by the convenience store employee.  Looking in the car, the officer saw a ski mask as described by the store clerk.  Jones and Crawford were arrested under suspicion of robbery. While being questioned, Jones provided information to the police about the robbery of the motel and the murder of Kosier.

---

[3] *State v. Jones*, No. WM-02-12, 2003 WL 859506 (Ohio App. 6 Dist., March 7, 2003).

[4] Factual findings of the state appeals court on its review of the record are presumed correct.  *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

**B.     Conviction**

On December 14, 2000, a Williams County Grand Jury indicted Jones on one count of kidnapping (Count II), two counts of aggravated robbery (Counts I and VI), and three counts of aggravated murder (Counts III, IV, and V).[5]

On June 10, 2002, Jones pled guilty on all counts and was sentenced to ten years of imprisonment for the kidnapping and aggravated robbery charges, respectively, lifetime imprisonment with parole eligibility after twenty years for the aggravated murder, and three years for each gun specification, all sentences to run consecutively.[6] The trial court dismissed *sua sponte* the capital specifications attached to aggravated murder counts during the guilty plea and merged the murder counts into one at the sentencing[7]

**C.     Direct appeal**

After Jones's sentencing and incarceration, he retained a new attorney[8] and appealed his conviction and sentencing to the court of appeals.  He offered two assignments of error in support of his appeal:

   1.     The trial court lacked jurisdiction to accept appellant's plea of guilty to aggravated murder with death specifications, because the plea was taken by a single judge rather than a three judge panel.

   2.     The trial court improperly accepted appellant's plea of guilty to aggravated murder with death specifications, without first taking

---

[5] ECF # 8, Ex. 1.

[6] ECF # 8, Ex. 2.

[7] *Id.*

[8] ECF # 8, Ex. 4 (Jeffrey M. Gamso).

-3-

>  evidence from which it could determine that the plea was supported by evidence sufficient to prove guilt of the offense and specifications beyond a reasonable doubt.[9]

The State filed a brief in response.[10] The second assignment of error was withdrawn at oral argument. On March 7, 2003, the Court of Appeals affirmed the convictions.[11] Jones did not perfect a timely appeal of this decision.

**D.    Motion to correct unlawful sentence**

On September 25, 2006, Jones, proceeding *pro se*, filed a motion to correct the unlawful sentence in the Williams County Court of Common Pleas.[12] Jones claimed that under *State v. Foster*[13] the judge improperly enhanced his sentence from concurrent to consecutive terms based on judicial fact finding.[14] The State filed a formal response opposing Jones's motion.[15] The court denied Jones's motion to correct the sentence.[16]

---

[9] ECF # 8, Ex. 4.

[10] ECF # 8, Ex. 5.

[11] ECF # 8, Ex. 6.

[12] ECF # 7, Ex. 7.

[13] *State v. Foster*, 109 Ohio St. 3d. 1, 845 N.E.2d 470 (2006).

[14] ECF # 8, Ex. 7.

[15] ECF # 8, Ex. 8.

[16] ECF # 8, Ex. 9.

Jones appealed this decision denying his motion to correct the sentence.[17] As pointed out by the court, he failed to file a brief so his appeal was dismissed on December 20, 2006.[18] Jones then filed an application to reconsider,[19] but this was also dismissed because it was filed after the ten-day time limit for filing motions to reconsider.[20]

**E.    Original action in mandamus**

On March 20, 2007, Jones filed a petition for writ of mandamus in the Ohio Supreme Court.[21] The State filed a motion to dismiss.[22] On June 6, 2007, the Ohio Supreme Court granted the State's motion to dismiss.[23]

**F.    Rule 26(B) application to reopen direct appeal**

On July 23, 2007, Jones filed an application for the reopening of his direct appeal, which had been decided in March 2003. His application claimed that his appellate counsel's failure to challenge the constitutionality of his consecutive sentences constituted ineffective assistance of counsel.[24] The Court denied the application as untimely.[25]

---

[17] ECF # 8, Ex. 10.

[18] ECF # 8, Ex. 11 (Case No. WM-06-013).

[19] ECF # 8, Ex. 12.

[20] ECF # 8, Ex. 13.

[21] ECF # 8, Ex.14 (Case No. 2007-0505).

[22] ECF # 8, Ex. 15.

[23] ECF # 8, Ex. 16.

[24] ECF # 8, Ex. 17.

[25] ECF # 8, Ex. 18.

Jones appealed to the Ohio Supreme Court,[26] with a memorandum in support of jurisdiction.[27] The Court denied his appeal for want of a substantial constitutional question.[28]

### G. Federal habeas corpus petition

On December 26, 2007, Jones filed this petition for a writ of habeas corpus. He signed the petition on December 13, 2007, which is the earliest date on which he could have given it to the prison officials for mailing. He asserts the following grounds for relief.

> **GROUND ONE**: Petitioner's right to due process of law was violated by judicial fact finding of uncharged elements to enhance the otherwise statutory maximum sentence.
>
> **Supporting Facts**: The trial court engaged in judicial fact finding to find uncharged elements, by less that [*sic*] proof beyond a reasonable doubt, to enhance the otherwise statutory maximum sentence by an additional thirty years. The requisite elements were not alleged, depriving Petitioner of notice and opportunity to respond, and were not admitted or waived, and not found beyond a reasonable doubt.
>
> **GROUND TWO**: Petitioner's right to effective counsel was violated by ineffective counsel on direct appeal.
>
> **Supporting Facts**: Appointed appellate counsel failed to present a dead bang winning argument regarding the unlawful sentence imposed upon Petitioner, in favor of a weak argument with no chance of success, not only compromising the appeal, but adversely affecting proper preservation of the issue, proper exhaustion, and the habeas limitations period.

---

[26] ECF # 8, Ex, 19.

[27] ECF # 8, Ex. 20.

[28] ECF # 8, Ex. 21.

Jones claims that *Foster*[29] created a new constitutional precedent mandating his release.[30] He argues that his sentence was rendered retroactively unconstitutional by this case.[31] He further asserts that the tardiness in making this case available in the prison library system helped prevent his filing of a habeas petition until December 26, 2007.[32]

The State's motion in response to Jones's petition seeks dismissal because the claims presented are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

The State argues that a federal habeas petition challenging conviction in the state courts must be filed within one year after the conviction becomes final.[33] According to the State, Jones failed to file an appeal to the Ohio Supreme Court in the time allocated.[34] The statute of limitations begins to run when the petitioner's conviction becomes final and expires one year thereafter. Jones's convictions was affirmed on March 7, 2003.[35] Jones had 45 days after that date, or until April 21, 2003, in which to file an appeal to the Ohio Supreme Court, but he did not do so. The State, therefore, argues that Jones's conviction was final, and the AEDPA statute of limitations began running on April 22, 2003, and it expired one year later, on April 21, 2004, absent any tolling.

---

[29] *Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470.

[30] ECF # 1.

[31] *Id.*

[32] *Id.*

[33] ECF # 7.

[34] *Id.*

[35] ECF # 6.

The State points out that Jones failed to file any proceedings that would serve to toll the limitation period during the relevant one-year time limitation period.[36] Jones filed a post-conviction petition to correct the unlawful sentences on September 25, 2006, more than two years after the expiration date.[37] The State argues that the post-conviction petition did not revive the time-barred petition.[38]

### III.  Analysis

This case presents two primary issues:  (1) Is Jones's petition time-barred, and (2) if time-barred, should Jones's petition nonetheless be heard on the basis of equitable tolling?

**A.     Is Jones's petition time-barred?**

***1.     Absent an exception, Jones failed to timely file a proceeding that would serve to toll the limitations period.***

A habeas petitioner has one year from the conclusion of direct review to file a federal petition.[39] This one-year statutory limit may be extended by statutory tolling, if the petitioner appeals his case, or otherwise continues to challenge his conviction by other means.[40] Unless there is another exception for which the petitioner qualifies, a petition filed after this one-year window will be time-barred.

---

[36] ECF # 7.

[37] *Id.*

[38] *Id.*

[39] 28 U.S.C. § 2244(d).

[40] 28 U.S.C. § 2244(d)(2).

Jones failed to file his petition within this one-year window. Direct review of Jones's conviction concluded on April 21, 2003, when Jones did not (1) file a timely appeal to the Ohio Supreme Court after the affirmance of his conviction, or (2) otherwise challenge his conviction.[41] The one-year statute-of-limitations window closed on April 20, 2004. Jones took no action to challenge his conviction or sentencing in any way until he filed a motion to correct unlawful sentence on September 25, 2006;[42] the filing was made more than two years after his conviction became final.

Therefore, absent any exceptions under which Jones may qualify, Jones's federal petition filed on December 26, 2007[43] will be time-barred.

## *2. Although the Supreme Court may have reopened the window for Jones to file a timely petition, he failed to act before that window closed.*

If the United States Supreme Court articulates a new retroactive constitutional rule applicable to a federal prisoner, the prisoner has one year from the articulation of that rule to bring a new federal petition. This exception is included in the federal habeas statute at 28 U.S.C. § 2244(d)(2) and is a logical consequence of a petitioner newly discovering that he now has heretofore unrecognized constitutional rights.

Jones failed to file a habeas petition within the statutorily mandated time period, as noted above, and, therefore, required some kind of exception for his petition not to be time-barred. Jones may have had the opportunity to challenge his sentencing in a timely

---

[41] *See*, ECF #7, Exs. 6, 7.

[42] *See*, ECF # 7, Ex. 7.

[43] ECF # 1.

manner after the Supreme Court issued its opinion in *Blakely v. Washington*[44] on June 24, 2004. Jones claims that once *Blakely* was decided, he had a new constitutional right that was retroactively applicable to his case, If true, this would, under 28 U.S.C. § 2244(d)(2), result in an extension of his statutory period wherein he could have timely filed a habeas petition to June 23, 2005.

Nevertheless, Jones failed to timely file a federal petition or take any action in the state court to toll the running of the statute before June 23, 2005. Jones took no legal action until September 25, 2006,[45] long after the relevant time period. The second window opened by the *Blakely* decision, therefore, closed before Jones attempted to pursue the rights flowing from that decision. Therefore, Jones's federal petition filed on December 26, 2007,[46] was not filed within the statutorily required time period absent another exception.

3.  ***Jones's motion to correct unlawful sentence did not revive his expired habeas claims.***

The tolling provision of § 2244(d)(2) serves to extend the relevant statutory time period after the state court's judgment of conviction becomes final; it does not provide a method by which an already expired claim may be revived.[47] Therefore, although a motion

---

[44] *Blakely*, 542 U.S. 296.

[45] ECF # 7, Ex. 7.

[46] ECF # 1.

[47] *Arrington v. McQuiggin*, 2008 WL 2511188, at *2 (W.D. Mich., 2008), *citing Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

to correct unlawful sentence would extend the one-year statute of limitations before it expires, it would not revive a previously expired habeas claim.

As noted above, the statutory period of Jones's habeas claim expired (at the very latest) on June 23, 2005. Jones did not file his motion to correct unlawful sentence until September 25, 2006.[48] This motion does not revive his time-barred habeas claim. Therefore, Jones's federal petition filed on December 26, 2007,[49] was not filed within the statutorily required time period.

**B.     Should equitable tolling be applied to Jones's case?**

Under certain circumstances, equitable tolling permits consideration of the merits of tardy federal petitions.[50] As determined by the Sixth Circuit, the factors controlling equitable tolling are:

(1)     actual and constructive knowledge of the filing requirement,

(2)     due diligence in pursuing the claim,

(3)     reasonableness of the ignorance of the requirement, and

(4)     absence of prejudice to the respondent.[51]

As explained hereafter, equitable tolling is not appropriate in this case.

---

[48] ECF # 7, Ex. 7.

[49] ECF # 1.

[50] *Dunlap v. United States*, 250 F.3d 1001, 1010 (6th Cir. 2001).

[51] *Id.* at 403.

*1.Jones does not contest actual or constructive knowledge of the filing requirement.*

One relevant factor in the consideration of whether to apply equitable tolling is the petitioner's constructive and actual knowledge of the filing requirement.[52] Jones does not assert that he lacked actual or constructive knowledge of the requirement.

*2.Jones was not diligent in pursuing his claim.*

Where a petitioner fails to meet the deadlines imposed by the filing requirement because of extraordinary circumstances outside his control despite diligent efforts, equity may demand that the petitioner's claim be heard on the merits notwithstanding the petition's tardiness.[53]

Jones's claim that the Ohio state court's refusal to acknowledge the constitutional rights granted potential habeas petitioners under *Blakely* does not excuse his lack of diligence.  He asserts extraordinary circumstances were at play outside of his control that prevented the filing of his petition.[54] It appears that Jones correctly notes that the Ohio Supreme Court did not explicitly apply the *Blakely* requirements to Ohio courts until its decision in *State v. Foster*.[55] He blames the delay in the Ohio courts' recognition of Jones's rights under *Blakely* upon the slow speed by which the state courts recognized that right.[56]

---

[52] *Id*.

[53] *See*, *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

[54] ECF #s 1, 9.

[55] *See*, *Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (Ohio 2006).

[56] *See*, ECF # 1, *see also*, ECF # 9.

Furthermore, Jones complains that the *Foster* decision was not promptly made available at the prison library, which constitutes an extraordinary circumstance outside his control causing the delay in the filing of his petition.[57]

However, Jones's claim of equitable tolling is based upon a mistaken premise that the recognition of a right by a state's highest court, rather than the United States Supreme Court, controls for purposes of equitable tolling. The statutory language of 28 U.S.C. § 2244(d)(2), while not directly applicable to a equitable tolling, nonetheless is instructive on this point. It makes clear that the creation of a new constitutional right, for purposes of the statute of limitations in federal habeas corpus, comes into being upon its articulation by the United States Supreme Court.

Jones claims that his duty of due diligence in pursuing his rights would not trigger until he received notice of *Blakely* through *Foster*. He cites no precedent for this novel theory. Because it is the federal constitutional right that Jones seeks to enforce here, *Blakely*, not *Foster*, triggered his due diligence obligation.

### 3.     *Jones was not reasonably ignorant of the filing requirement.*

Because Jones does not claim ignorance of the federal habeas statute of limitations, reasonableness of ignorance is not at issue.

To the extent that Jones asserts that any ignorance that caused his delay in filing is attributable to the *Foster* decision, that argument is discussed above.

---

[57] ECF # 9.

*4.     The prejudice element*

Absence of prejudice to the respondent is a factor to be considered only where otherwise equitable tolling might be appropriate because none of the other factors support equitable tolling.

## IV.  Conclusion

Based on the foregoing, I conclude that Jones's habeas petition was not filed within the one-year statute of limitations.  Furthermore, I conclude that equitable tolling is not warranted here.

Jones's petition is time-barred under 28 U.S.C. § 2244(d), and I recommend that his habeas petition be dismissed.

Dated:   September 30, 2008                         s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[58]

---

[58] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).