# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES B. JONES, JR., | ) | CASE NO.:  3:07cv3878 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| WARDEN, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

James B. Jones, Jr., filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In his petition, he has alleged two grounds for relief challenging the constitutional sufficiency of his conviction and sentence on one count of kidnapping, two counts of aggravated robbery, and three counts of aggravated murder.

On February 7, 2008, the case was referred to Magistrate Judge William H. Baughman, Jr., for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  *See* Order (Doc. 3).  On September 12, 2008, the Magistrate Judge submitted a Report and Recommendation (Doc. 10) recommending that the petition be denied, as all of Petitioner's claims are barred by the applicable one-year statute of limitations in 28 U.S.C. § 2244(d).  Petitioner objected to the Report and Recommendation in a document dated October 10, 2008, and filed October 21, 2008.  (Doc. 11).

In his petition, Petitioner raised the following two grounds for relief:

GROUND ONE:     Petitioner's right to due process of law was violated by judicial fact finding of uncharged elements to enhance the otherwise statutory maximum sentence.

GROUND TWO:  Petitioner's right to effective counsel was violated by ineffective counsel on direct appeal.

Respondent State of Ohio moved to dismiss the petition on the grounds that Petitioner had not filed within the one-year statute of limitations.  (Doc. 7).  The Magistrate Judge found that Respondent's argument had merit, and recommended that the petition be dismissed for failure to file within the statute of limitations.

The factual and procedural history, including the timeline of Petitioner's various challenges to his conviction and sentence, are included in the Report and Recommendation, and the Court adopts that history.  Petitioner, challenges his sentence on the basis of the decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which prohibited judicial factfinding for the purposes of increasing a criminal defendant's sentence.  He then argues that his failure to file a timely challenge to his sentence under *Blakely* is attributable to the fact that *Blakely* was not being consistently applied by the Ohio courts, and that the appropriate statute of limitations for challenging his sentence should be based upon the Ohio Supreme Court's decision in *State v. Foster*, 845 N.E.2d 470 (Ohio, Feb. 27, 2006).  Further, he argues that he should not be held to the one-year statute of limitations under *Foster* because the prison library failed to provide the *Foster* decision to inmates in a timely fashion, and he was therefore unaware.

Petitioner's argument under *Blakely* is sufficiently address in the Report and Recommendation, and Petitioner does not assert a meritorious challenge thereto in his Objections.  As to Petitioner's *Foster* argument, the Court would note that the original petition was filed December 13, 2007, nearly two years after the Ohio Supreme Court's decision in *Foster*.  The Magistrate Judge did not note this point in the Report and Recommendation, and the Court finds it important to consider the length of time between the *Foster* decision and Petitioner's filing his petition.  Such a large gap in time is not one that the Court will excuse, and

Petitioner's claims under *Foster* and his Objections to the Report and Recommendation on the basis that the gap should be excused under the doctrine of equitable tolling are without merit.

The Report and Recommendation of the Magistrate Judge is hereby adopted, and Petitioner's Objections are found to be without merit.  Petitioner James B. Jones's Petition for a Writ of Habeas Corpus will be dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


__November 6, 2008_____                          __*s/ John R. Adams*_____
Date                                             John R. Adams
                                                 U.S. District Judge